UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD BALAKOVICH,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
______________________________/

Case No. 18-11292

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
PATRICIA T. MORRIS

**ORDER ADOPTING REPORT & RECOMMENDATION [12]; OVERRULING DEFENDANT'S OBJECTION [13]; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [8]; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [10]; AND REMANDING CASE TO THE COMMISSIONER**

Plaintiff Howard Balakovich seeks judicial review of the decision of an Administrative Law Judge ("ALJ") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Income Security Benefits ("SSI"). Plaintiff, through counsel, filed a Motion for Summary Judgment [8] on July 10, 2018. Defendant filed a Motion for Summary Judgment [10] on September 6, 2018. Plaintiff filed a Reply [11] on September 10, 2018.

On June 12, 2019, the Magistrate Judge issued a Report and Recommendation [12] ("R&R") recommending that the Court grant Plaintiff's Motion, deny Defendant's Motion, and remand the case to the Commissioner under sentence four of 42 U.S.C. § 405(g). Defendant filed an Objection [13] to the R&R on June 26, 2019. Plaintiff filed a Response [14] on July 1, 2019.

The Court reviews objections to a Magistrate Judge's R&R on a dispositive motion *de novo.* 28 U.S.C. § 636(b)(1)(c).

Defendant objects to the R&R's recommendation to remand on the grounds that the ALJ erred in giving great weight to the non-examining consultative opinion of Dr. George Starrett. The Magistrate Judge explained:

> As to psychological issues, the ALJ considered the non-examining consultative opinion of Dr. George Starrett dated May 20, 2015, and accorded his opinion "great weight." The ALJ also considered the opinions of Plaintiff's treating psychologist, Dr. Fachting, rendered on May 7 and June 15, 2015, and February 10 and 21, 2017, and gave Dr. Fachting's opinions less weight than Dr. Starrett's. Dr. Fachting's opinions were based on his treatment of Plaintiff and the attendant extensive records comprising multiple exhibits in the record. The Commissioner argues that the ALJ did not err in giving great weight to the nonexamining consultative opinion because his treatment comported with the Sixth Circuit standards stated in *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 632 (6th Cir. 2016). The Court in *Kepke* held that *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009), did not set forth a bright-line rule requiring the ALJ to discount a non-examining source's opinion that was made without benefit of all the record medical evidence. Instead, *Kepke* explained that "before an ALJ accords significant weight to the opinion of a nonexamining source who has not reviewed the entire record, the ALJ must give 'some indication' that he 'at least considered' that the source did not review the entire record." *Kepke*, 636 F. App'x at 632 (quoting *Blakely*, 581 F.3d at 409). The Commissioner then states that the "ALJ explicitly discussed the subsequent records in his decision" and determined the evidence was not material and wouldn't alter the RFC findings.
>
> Although the ALJ found the evidence was not material and did not change his RFC findings, the ALJ did not appear to consider the fact that the non-examining source, Dr. Starrett, lacked the benefit of the two years of medical evidence from 2015 to 2017 when formulating his opinion. In other words, the medical evidence postdating Dr. Starrett's opinion was not viewed under the proper standard as to whether the

> nearly two years of medical evidence missing from Dr. Starrett's review should affect the weight given his opinion by the ALJ. It is hard to conceive of how nearly two years of medical evidence could be less than material. I therefore suggest that Plaintiff has identified an issue requiring resubmission to the Commissioner to consider the effect the medical evidence post-dating Dr. Starrett's opinion would have on his opinion or, better yet, for the Commissioner to procure updated medical opinions based on more current medical records.

R&R at 19-20 (internal citations omitted).

The parties agree that the Court must use the standard set forth in *Kepke* to determine whether the ALJ's decision to give great weight to Dr. Starrett's opinion is supported by substantial evidence. "[B]efore an ALJ accords significant weight to the opinion of a non-examining source who has not reviewed the entire record, the ALJ must give 'some indication' that he 'at least considered' that the source did not review the entire record." *Kepke*, 636 F. App'x at 632; *see also Hammett v. Comm'r of Soc. Sec.*, No. 2:16-CV-12304, 2017 WL 4985642, at *9 (E.D. Mich. Aug. 15, 2017), *report and recommendation adopted*, No. 16-12304, 2017 WL 4003438 (E.D. Mich. Sept. 12, 2017) ("[W]hat the Sixth Circuit requires is that the ALJ acknowledge his awareness that *the state agency record reviewer* did *not* review the entire record, not merely that the *ALJ himself did* conduct a full review.").

In Objection #1, Defendant argues that the ALJ considered the fact that Dr. Starrett, who issued his opinion in May 2015, had not reviewed nearly two years of medical evidence (June 2015 through February 2017) when formulating his opinion. Defendant maintains that the ALJ's consideration of Dr. Starrett's limited scope of

review is evidenced by its explanation for affording Dr. Starrett's opinion great weight: "I accord the above opinion great weight because the evidence received into the record, after the initial determination, did not provide any new or material information that would alter any findings about the claimant's residual functional capacity." Tr. 22.

In Objection #2, Defendant argues that the ALJ reasonably gave great weight to Dr. Starrett's opinion notwithstanding Starrett's review of an incomplete record. According to Defendant, the ALJ's discussion of the medical evidence, coupled with its finding that such evidence did not support the medical opinion of Plaintiff's treating psychologist, Dr. Fachting, shows that the ALJ had good reasons for affording more weight to Dr. Starrett's opinion which was more consistent with the record than the opinion of Dr. Fachting.

The Court finds Defendant's objections unpersuasive. *Kepke* instructs this Court to review the record for "some indication that the ALJ subjected [the non-examining] opinion to scrutiny." *Kepke*, 636 F. App'x at 632. Here, the ALJ's brief explanation as to why it accorded Dr. Starrett's opinion great weight—that the evidence received between June 2015 and February 2017 did not include material information that would change its RFC finding—does not establish that the ALJ subjected Dr. Starrett's opinion to scrutiny. To the contrary, the explanation merely shows that the ALJ assessed the materiality of the medical evidence excluded from

Dr. Starrett's review and speculated as to the effect it may have had on Dr. Starrett's opinion. Implicit in the ALJ's conclusion that the medical evidence did not provide any material information that would alter its RFC finding is the improper assumption that the evidence would have had no impact on Dr. Starrett's opinion had Starrett reviewed such evidence.

The Court agrees with the Magistrate Judge that it is hard to conceive of how nearly two years of medical evidence could have affected neither Dr. Starrett's opinion nor the weight accorded to that opinion. The Court further agrees with the Magistrate Judge that the prudent course of action is to remand to the Commissioner so that it may procure updated medical opinions based on Plaintiff's full medical record.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the R&R [12] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that Defendant's Objection [13] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [8] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [10] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 18, 2019